# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| CARL GREIG, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 5:23-cv-00030-JRG-JBB |
| | § | |
| TEXAS A&M UNIVERSITY TEXARKANA, | § | |
| *Defendant.* | § | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

In addition to any matters listed in any standing Order in Limine used by this Honorable Court, this Motion refers to any reference to, allegations of, reports or solicited testimony (sworn or unsworn) by Plaintiff's attorneys, Plaintiff, or any witness regarding the following specific matters:

1.  Any reference that this or any other Motion has been filed, any ruling by the Court in response to these Motions or suggesting to the jury that Defendant has sought to dismiss the case, moved to prohibit proof of any matter or that the Court has excluded proof of any particular matter. FED. R. EVID. 402 and 403.

    AGREED ___x_____    GRANTED _____    DENIED _____

2.  Any reference to the fact that any former employee of Defendant was not called to testify by Defendant, as such witnesses are equally available to both sides. FED. R. EVID. 403. Moreover, it would be improper for anyone to make reference to, comment on, or speculate about the substance of the testimony of the absent witnesses before the jury without first establishing a close, confidential or fiduciary relationship and authority between these persons and Defendant. FED. R. EVID. 402 and 403.

    AGREED ___x_____    GRANTED _____    DENIED _____

3. Witness opinions and conclusions about whether Plaintiff has been subjected to a hostile educational environment, discrimination and/or retaliation by Defendant. Witnesses may testify as to facts about which they have personal knowledge, but subjective conclusions are not proper. FED. R. EVID. 401, 403, and 404.

AGREED ____x_____   GRANTED _____   DENIED _____

4. Any former or current employee of Defendant who has expressed or will express fear of the possibility of retaliation for any testimony that the witness gives in this case. Further, any testimony that Plaintiff may suffer adverse consequences for her testimony or initiation/participation in this suit, such as retaliation from potential universities or future employers. Such testimony is irrelevant to any issues in this case, FED. R. EVID. 402; and even if relevant, its probative value would be outweighed by the danger of unfair prejudice, Fed. R. Evid. 403; it would involve hearsay statements, FED. R. EVID. 802; and it would unreasonably lengthen this trial by requiring Defendant to search for and bring testimony as no such testimony or evidence of these claims has previously been disclosed by Plaintiff, FED. R. CIV. P. 193.5(b); and therefore, it would be excludable under FED. R. CIV. P. 193.6 unless Plaintiff can show good cause.

AGREED ____x_____   GRANTED _____   DENIED _____

5. Evidence of the size or relative wealth of Defendant, or any comment or suggestion otherwise to elicit undue and improper sympathy for the Plaintiff by suggesting that the Plaintiff is any individual represented by a small law firm who is bringing suit against the State of Texas and/or a state agency represented by a large group of attorneys. Such testimony is irrelevant to any issues in this case, FED. R. EVID. 402; and even if relevant, its probative value would be outweighed by the danger of unfair prejudice, FED. R. EVID. 403.

AGREED ____x_____        GRANTED _____        DENIED _____

6. Any reference to alleged instances of discrimination, retaliation, or harassment that are unrelated to those claims currently before the Court in this action. Such claims would allow inadmissible, off the record evidence to be considered by the jury without providing the Defendant an opportunity to cross-examine or rebut the source of any such claim.

AGREED ____x_____        GRANTED _____        DENIED _____

7. Any comment or suggestion that any missing documents (specifically TAMUT's failure to produce weekly housing reports) would prove the matter at issue. FED. R. EVID. 403.

AGREED _____        GRANTED _____        DENIED AS MOOT ___x_____

8. Any reference through argument or testimony to any judgments or verdicts reached in any prior employment disputes or cases. FED. R. EVID. 402 and 403.

AGREED ____x_____        GRANTED _____        DENIED _____

3

9. Any question, statement, or reference to any settlement, compromise, offer to settle or refusal to settle made either within or without the confines of any compromise negotiations or mediation by the parties or any of their representatives to pay any sum of money and/or any reference or mention of any statements made by Defendant or any of its representatives during any compromise negotiations or mediation. FED. R. EVID. 402 and 403, 408.

AGREED ____x_____   GRANTED _____   DENIED _____

10. No discussion of TAMUT students or former's student education records (including but not limited to grades) unless such students have been provided notice pursuant to FERPA, or unless all the identifying information has been redacted.

AGREED ____x_____   GRANTED _____   DENIED _____

Accordingly, it is ORDERED that the parties, their witnesses and counsel shall not raise, discuss or argue the subject of any granted motion in limine before the venire panel or the jury without prior leave of the Court.

SIGNED this the 3rd day of March, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE